Edward S. Conway, J.
This is a motion by the defendants for an order for summary judgment dismissing the complaint. The plaintiffs oppose the motion and cross-move for an order for summary judgment for the relief demanded in the complaint.
*123 This is an action for a declaratory judgment brought by citizens-taxpayers of the State of New York declaring that chapter 455 of the Laws of 1977 is unconstitutional, and for a permanent injunction enjoining the operation and enforcement of said chapter, and further, for a mandatory injunction ordering the Chairman of the State Board of Elections to rescind and nullify his certification of the proposition to be placed on the ballot for the general election to be held on November 8, 1977.
The plaintiff New York Public Interest Research Group Inc. is a nonprofit research and advisory organization organized pursuant to the Not-for-Profit Corporation Law of the State of New York. Plaintiffs Donald K. Ross and Leon E. Wein are residents and taxpayers of the State of New York. On July 19, 1977, the Governor signed into law chapter 455 of the Laws of 1977, which authorizes the creation of State debt in the amount of $750,000,000 for the "purpose of promoting and implementing a comprehensive and integrated economic action program”, providing that the proposition therefor, as set forth in the bill, is approved by the People at the general election on November 8, 1977.
Section 3 of chapter 455 of the Laws of 1977 provides for the wording as it is to appear on the ballot as follows: " 'Shall chapter (herein insert the number of the chapter) of the laws of nineteen hundred seventy-seven, known as the economic action program bond act for New York state of nineteen hundred seventy-seven, authorizing the creation of a state debt in the amount of seven hundred fifty million dollars ($750,000,000) to provide moneys for the acquisition, construction, reconstruction, establishment, improvement or rehabilitation of public capital facilities for industrial and community development, tourism and recreation, conservation and environment and local transportation access, all in furtherance of economic development, be approved?’ ”
The plaintiffs contend in their complaint and in their opposition to the instant motion for summary judgment for dismissal, that the bond authorization is not for a single work or purpose as required by section 11 of article VII of the State Constitution, but rather for several works or purposes, and that the certification of the proposition language to the several boards of elections by the Chairman of the State Board of Elections was wrongful and illegal.
The defendants’ answer denies the unconstitutionality of *124 chapter 455 and contends that the bond issue is not for several works or purposes, but rather for the single purpose of comprehensive economic development, and that the statute complies with the requirements of section 11 of article VII. Further, defendant Governor Carey contends that the plaintiffs, as citizens-taxpayers may not bring an action to challenge the validity of a bond authorization because it is barred by article 7-A of the State Finance Law.
The parties have subsequently agreed that the action is discontinued as against defendant Stephen May.
The New York State Constitution section 11 of article VII provides as follows:
"§ 11. [State debts generally; manner of contracting; referendum.] Except the debts specified in sections 9 and 10 of this article, no debt shall be hereafter contracted by or in behalf of the state, unless such debt shall be authorized by law, for some single work or purpose, to be distinctly specified therein. No such law shall take effect until it shall, at a general election, have been submitted to the people, and have received a majority of all the votes cast for and against it at such election nor shall it be submitted to be voted on within three months after its passage nor at any general election when any other law or any bill shall be submitted to be voted for or against.
"The legislature may, at any time after the approval of such law by the people, if no debt shall have been contracted in pursuance thereof, repeal the same; and may at any time, by law, forbid the contracting of any further debt or liability under such law.”
The State Legislature and the defendant Governor Carey agree that the bond proceeds will be used for four separate and distinct purposes: (1) industrial and community development; (2) tourism and recreation; (3) conservation and environment; and (4) local transportation access.
In 1938, the current language "single work or purpose” was inserted in the State Constitution instead of the previous language "single work or object”. In this court’s opinion, the mere change of the word "object” to "purpose” does not allow a grouping of the diverse public projects that the Governor and the Legislature have proposed in one bond proposition, nor does it allow the Legislature to link at least four distinct functional categories in one bond proposition, and the Legislature’s finding that all of the functional components have a *125 "necessary and natural connection” and that the "economic action program is a single work or purpose”, does not make it so. The courts of this State are not bound by a legislative interpretation of a constitutional provision. The requirement of a "single work or purpose” was inserted in the Constitution so that the voters could carefully scrutinize the merits of the proposed mortgaging of their tax dollars over a long period and so that the voters of this State could cast informed, intelligent votes for or against a bond issue affecting their State taxes, and never has that been so important to the taxpayers as it is today.
Further, this court holds that article 7-A of the State Finance Law is not an exclusive remedy in this instance and that the plaintiffs have standing to challenge the statute authorizing the sale of bonds. (See Boryszewski v Brydges, 37 NY2d 361.)
In view of the foregoing, the motion of the defendant for summary judgment dismissing the complaint is denied, and the plaintiffs’ cross motion for summary judgment for the relief demanded in the complaint is granted.